**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **WILBERT COOLEY &** | ) |
| **KANDEE COOLEY**, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) **CASE NO.: 06-215-BH-M** |
| **AMERIQUEST MORTGAGE COMPANY,** | ) |
| a Delaware Corporation, **HERITAGE** | ) |
| **TITLE, LLC, AND FICTITIOUS A – Z,** | ) |
| inclusive, | ) |
| | ) |
| **Defendants.** | ) |

**ANSWER OF DEFENDANT,**
**AMERIQUEST MORTGAGE COMPANY, TO COMPLAINT OF KANDEE COOLEY**

COMES the Defendant, Ameriquest Mortgage Company, (hereinafter "Ameriquest"), and files this Answer to the Complaint, filed on behalf of Kandee Cooley[1] paragraph by paragraph, as follows:

**INTRODUCTION**

1.      Ameriquest denies the allegations of paragraph 1 of the Complaint and demands strict proof thereof.

2.      Ameriquest denies the allegations of paragraph 2 of the Complaint and demands strict proof thereof.

3.      Ameriquest denies the allegations of paragraph 3 of the Complaint and demands strict proof thereof.

---

[1] A motion to dismiss the Complaint in its entirety as to the claims made by Plaintiff Wilbert Cooley is filed contemporaneously herewith.

4.     Ameriquest denies the allegations of paragraph 4 of the Complaint and demands strict proof thereof.

5.     Ameriquest denies the allegations of paragraph 5 of the Complaint and demands strict proof thereof.

6.     Ameriquest denies the allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7.     Ameriquest denies the allegations of paragraph 7 of the Complaint and demands strict proof thereof.

8.     Ameriquest denies the allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9.     Ameriquest denies the allegations of paragraph 9 of the Complaint and demands strict proof thereof.

10.     Ameriquest denies the allegations of paragraph 10 of the Complaint and demands strict proof thereof.

## **PARTIES**

11.     Ameriquest is without sufficient information to admit or deny the allegations of paragraph 11 of the Complaint and therefore Ameriquest denies those allegations and demands strict proof thereof.

12.     Defendant admits only that it is a Delaware corporation doing business in Alabama.  All other allegations are denied.

13.     The allegations contained within paragraph 13 are not directed at Ameriquest and do not require a response by Ameriquest.  Ameriquest also states that all fictitious parties are due to be dismissed.

## JURISDICTION & VENUE

14.     Ameriquest admits that it does business in the Southern District of Alabama.  Ameriquest denies the remaining allegations of paragraph 14 of the Complaint and demands strict proof thereof.

15.     To the extent a response is required Ameriquest denies the allegations of paragraph 15 of the Complaint and demands strict proof thereof.

16.     Ameriquest admits that the events giving rise to this Complaint occurred within the Southern District of Alabama.    Ameriquest denies the remaining allegations of paragraph 16 of the Complaint and demands strict proof thereof.

## STATEMENT OF FACTS

17.     Ameriquest is without sufficient information to admit or deny the allegations contained within paragraph 17 of the Complaint and therefore Ameriquest denies those allegations and demands strict proof thereof.

18.     Ameriquest is without sufficient information to admit or deny the allegations contained within paragraph 18 of the Complaint and therefore Ameriquest denies those allegations and demands strict proof thereof.

19.     Admit only that Mr. Cooley was contacted by a representative of Ameriquest.  Ameriquest denies the remaining allegations of paragraph 19 of the Complaint and demands strict proof thereof.

20.    Ameriquest is without sufficient information to admit or deny the allegations contained within paragraph 20 of the Complaint and therefore Ameriquest denies those allegations and demands strict proof thereof.

21.    Admit only that a representative of Ameriquest began working with Plaintiff Wilbert Cooley on a loan application.  Ameriquest denies the remaining allegations of paragraph 21 of the Complaint and demands strict proof thereof.

22.    Ameriquest denies the allegations of paragraph 22 of the Complaint and demands strict proof thereof.

23.    Ameriquest denies the allegations of paragraph 23 of the Complaint and demands strict proof thereof.

24.    Admit only that Plaintiffs signed documents provided by Ameriquest on April 6, 2004.  Ameriquest denies the remaining allegations of paragraph 24 of the Complaint and demands strict proof thereof.

25.    Ameriquest denies the allegations of paragraph 25 of the Complaint and demands strict proof thereof.

26.    Ameriquest denies the allegations of paragraph 26 of the Complaint and demands strict proof thereof.

27.    Ameriquest denies the allegations of paragraph 27 of the Complaint and demands strict proof thereof.

28.    Ameriquest denies the allegations of paragraph 28 of the Complaint and demands strict proof thereof.

29.    Ameriquest denies the allegations of paragraph 29 of the Complaint and demands strict proof thereof.

30.     Ameriquest is without sufficient information to admit or deny the allegations of paragraph 30 of the Complaint and therefore, Ameriquest denies those allegations and demands strict proof thereof.

31.     Admit only that Plaintiffs contacted the national office of Ameriquest and worked with Ms. Cheryl Fleming on un-funding the loan payments.  Ameriquest denies the remaining allegations of paragraph 31 of the Complaint and demands strict proof thereof.

32.      Ameriquest denies the allegations of paragraph 32 of the Complaint and demands strict proof thereof.

33.     Ameriquest denies the allegations of paragraph 33 of the Complaint and demands strict proof thereof.

34.     Admit only that Plaintiffs contacted the national office of Ameriquest and worked with Ms. Cheryl Fleming. Ameriquest denies the allegations of paragraph 34 of the Complaint and demands strict proof thereof.

35.     Ameriquest denies the allegations of paragraph 35 of the Complaint and demands strict proof thereof.

36.     Admit only that the Plaintiffs filed an official complaint with the United States Department of Housing and Urban Development (HUD).  Ameriquest is without sufficient information to admit or deny the remaining allegations of paragraph 36 of the Complaint and therefore Ameriquest denies these allegations and demands strict proof thereof.

37.     Ameriquest is without sufficient information to admit or deny the remaining allegations of paragraph 37 of the Complaint and therefore Ameriquest denies these allegations and demands strict proof thereof.

38.     Admit only that Plaintiffs eventually closed on a loan.  Ameriquest denies the remaining allegations of paragraph 38 of the Complaint and demands strict proof thereof.

39.     Ameriquest is without sufficient information to admit or deny the remaining allegations of paragraph 39 of the Complaint and therefore Ameriquest denies these allegations and demands strict proof thereof.

40.     Ameriquest denies the allegations of paragraph 40 of the Complaint and demands strict proof thereof.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Federal Truth in Lending Act
### Federal Reserve Regulation Z as to Defendant, Ameriquest

41.     This Defendant adopts and realleges the defenses previously set forth in paragraphs 1 through 40 herein.

42.     This paragraph is a conclusion of law which does not require a response by Ameriquest.  To the extent there are factual allegations Ameriquest denies the allegations of paragraph 42 of the Complaint and demands strict proof thereof.

43.     Ameriquest denies the allegations of paragraph 43 of the Complaint and demands strict proof thereof.

44.     This paragraph is a conclusion of law which does not require a response. To the extent there are any factual allegations contained within paragraph 44, Ameriquest denies the allegations of paragraph 44 of the Complaint and demands strict proof thereof.

45.     Ameriquest denies the allegations of paragraph 45 of the Complaint and demands strict proof thereof.

46.    Ameriquest denies the allegations of paragraph 46 of the Complaint and demands strict proof thereof.

47.    Ameriquest denies the allegations of paragraph 47 of the Complaint and demands strict proof thereof.

48.    Ameriquest denies the allegations of paragraph 48 of the Complaint and demands strict proof thereof.

## SECOND CAUSE OF ACTION
### Violation of the Fair Housing Act as to Defendant Ameriquest

49.    This Defendant adopts and realleges the defenses previously set forth in paragraphs 1 through 48 herein.

50.    Ameriquest admits only that it engages in transactions related to real estate. Ameriquest denies the remaining allegations of paragraph 50 of the Complaint and demands strict proof thereof.

51.    This Defendant does not have sufficient information to admit or deny the averments of this paragraph, therefore, they are denied.

52.    Ameriquest denies the allegations of paragraph 52 of the Complaint and demands strict proof thereof.

53.    Ameriquest denies the allegations of paragraph 53 of the Complaint and demands strict proof thereof.

54.    Ameriquest denies the allegations of paragraph 54 of the Complaint and demands strict proof thereof.

55.    Ameriquest denies the allegations of paragraph 55 of the Complaint and demands strict proof thereof.

**THIRD CAUSE OF ACTION**
**Violation of the Equal Credit Opportunity Act as Defendant Ameriquest**

56.    This Defendant adopts and realleges the defenses previously set forth in paragraphs 1 through 55 herein.

57.    This paragraph is a conclusion of law which does not require a response by Ameriquest.  To the extent there are factual allegations Ameriquest denies the allegations of paragraph 57 of the Complaint and demands strict proof thereof.

58.    Ameriquest admits that the loan contracts that Plaintiff entered into with Ameriquest are credit transactions.

59.    Ameriquest denies the allegations of paragraph 59 of the Complaint and demands strict proof thereof.

60.    Ameriquest denies the allegations of paragraph 60 of the Complaint and demands strict proof thereof.

61.    Ameriquest denies the allegations of paragraph 61 of the Complaint and demands strict proof thereof.

62.    Ameriquest denies the allegations of paragraph 62 of the Complaint and demands strict proof thereof.

**FOURTH CAUSE OF ACTION**
**PENDANT STATE CLAIM**
**Violation of Alabama's Unfair Competition Act as to Defendant Ameriquest**

63.    This Defendant adopts and realleges the defenses previously set forth in paragraphs 1 through 62 herein.

64.    Ameriquest denies the allegations of paragraph 64 of the Complaint and demands strict proof thereof.

65.    Ameriquest denies the allegations of paragraph 65 of the Complaint and demands strict proof thereof.

66.    Ameriquest denies the allegations of paragraph 66 of the Complaint and demands strict proof thereof.

67.    Ameriquest denies the allegations of paragraph 67 of the Complaint and demands strict proof thereof.

**FIFTH CAUSE OF ACTION**
**PENDANT STATE CLAIM**
**Negligent Training as to each Defendant**

68.    This Defendant adopts and realleges the defenses previously set forth in paragraphs 1 through 67 herein.

69.    Ameriquest denies the allegations of paragraph 69 of the Complaint and demands strict proof thereof.

70.    Ameriquest denies the allegations of paragraph 70 of the Complaint and demands strict proof thereof.

71.    Ameriquest denies the allegations of paragraph 71 of the Complaint and demands strict proof thereof.

72.    Ameriquest denies the allegations of paragraph 72 of the Complaint and demands strict proof thereof.

**SIXTH CAUSE OF ACTION**
**PENDANT STATE CLAIM**
**Negligent Supervision as to each Defendant**

73.    This Defendant adopts and realleges the defenses previously set forth in paragraphs 1 through 72 herein.

74.    Ameriquest denies the allegations of paragraph 74 of the Complaint and demands strict proof thereof.

75.    Ameriquest denies the allegations of paragraph 75 of the Complaint and demands strict proof thereof.

76.    Ameriquest denies the allegations of paragraph 76 of the Complaint and demands strict proof thereof.

77.    Ameriquest denies the allegations of paragraph 77 of the Complaint and demands strict proof thereof.

**COUNT SEVEN**
**PENDANT STATE CLAIM**
**Fraud and Misrepresentation as to Each Defendant**

78.    This Defendant adopts and realleges the defenses previously set forth in paragraphs 1 through 77 herein.

79.    Ameriquest denies the allegations of paragraph 79 of the Complaint and demands strict proof thereof.

80.    Ameriquest denies the allegations of paragraph 80 of the Complaint and demands strict proof thereof.

81.    Ameriquest denies the allegations of paragraph 81 of the Complaint and demands strict proof thereof.

82.    Ameriquest denies the allegations of paragraph 82 of the Complaint and demands strict proof thereof.

**COUNT EIGHT**
**PENDANT STATE CLAIM**
**Breach of Fiduciary Duty by Heritage Title, LLC**

83.    This Defendant adopts and realleges the defenses previously set forth in paragraphs 1 through 82 herein.

84.    The allegations contained within paragraph 84 are not directed at Ameriquest and do not require a response by Ameriquest.

85.    The allegations contained within paragraph 85 are not directed at Ameriquest and do not require a response by Ameriquest.

86.    The allegations contained within paragraph 86 are not directed at Ameriquest and do not require a response by Ameriquest.

87.    The allegations contained within paragraph 87 are not directed at Ameriquest and do not require a response by Ameriquest.

## PRAYER FOR RELIEF

Ameriquest respectfully requests that this Honorable Court deny each and every one of the Plaintiffs requests for relief and Ameriquest demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred for reason that the Complaint, and each count thereof, separately and severally, fail to state a claim against Ameriquest upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Wilbert Cooley is not a proper party plaintiff in this case due to the fact that he filed for protection under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Alabama BK No. 06-10213.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff Wilbert Cooley is not a real party in interest in this case due to the fact that he filed for protection under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Alabama BK No. 06-10213, and therefore the Trustee assumes all claims held by Plaintiff Wilbert Cooley.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff Wilbert Cooley is not a proper plaintiff in that he is judicially estopped from asserting the claims set forth in this Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff Kandee Cooley is not a proper party to the loan transaction that occurred on April 6, 2004, because Kandee Cooley was not the borrower on the loan application.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred for reason of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred for reason of ratification.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred for reason of the fact that Plaintiffs' contributory negligence was a cause of the alleged damages to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred for reason of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

There is no causal relation between the acts of this Defendant and any injury or damage to the Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover compensatory damages for the claims asserted in their Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Plaintiff's own fraud, misrepresentation, and/or mistake.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they failed to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Plaintiffs failed to properly cancel their loan application.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants have not committed any wrongful, illegal, or inappropriate act, and Defendant has not breached any duty owed to Plaintiff, if any exists, which Defendant denies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All of Defendants' alleged acts and omissions were done pursuant to Defendants' lawful rights and in a commercially reasonable manner.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant made no representation(s) of material fact upon which Plaintiffs relied to their detriment.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations are barred insofar as they are inconsistent with any contractual agreements entered into by the parties which control the dispute and/or allegations asserted by the Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant acted in good faith and in conformity with any official Federal Reserve Board rule or regulation or any interpretation of or approval by any duly authorized Federal Reserve System official or employee.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to plead fraud with particularity as required by the Federal Rules of Civil Procedure.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any claim by Plaintiff for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in the ruling on the case of  BMW v. Gore, 116 S.Ct. 1589 (1996).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering any punitive damages against Defendant for reason that the elements set forth under Ala. Code (1975) §6-11-27 cannot be satisfied by Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering punitive damages in excess of those limits established by Ala. Code (1975) §6-11-21, as amended.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

By virtues of Ala. Code (1975) §6-11-20, punitive damages are not recoverable in this case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Alabama Statute authorizing punitive damages, Alabama Code §6-1-20 (1993), is constitutionally vague as written, construed, and applied.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

That Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiff's claim for punitive damages is not necessary to

vindicate the state's interest in punishing the Defendant and deterring them from future misconduct.

## **THIRTIETH AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901 because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple Defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## **THIRTY-FIRST AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of

the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal Defendant is placed in a position of distinct advantage over civil Defendant of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to Ala. Code §6-11-20 and §6-11-30 (1975), and thereby any claim for such damages is barred.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in §6-11-21, Code of Ala. (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United States and the State of Alabama, the Alabama Supreme Count cannot abolish the cap created by the Legislature on punitive damages through judicial fiat.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against the Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the Defendants for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate these Defendants' rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§1, 6, 13 and 22 of

the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I §9 of the United States Constitution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§1, 6, 13 and 22 of the Alabama Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

An award of punitive damages would violate these Defendants' rights under the Contracts Clause of Article I, Section 10 of the United States Constitution and/or Article I, Section 22 of the Alabama Constitution.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages based on anything other than Defendants' conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and

the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent Defendant from being subject to other judgments awarded with the goal of punishing Defendant for the same wrong. In effect, Defendant would receive multiple punishments for the same wrong.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant pleads the limitations on punitive damages set forth in the United States Supreme Court's decision in Cooper Indus, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), including the issue of whether punitive damages is an issue to be decided by the jury.

## FORTIETH AFFIRMATIVE DEFENSE

All of Defendant's alleged acts were done in good faith and pursuant to Defendant's lawful rights.

## FORTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in good faith and with due care and diligence and without malice or intent to injure Plaintiffs.

## FORTY-SECOND AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant's actions were reasonable and justifiable.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant has not violated any code, regulation, state law or federal law.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant denies that its employees engaged in any wrongful conduct. In addition, the alleged wrongful conduct was outside the line and scope of the employees of Defendant, and Defendant did not ratify or authorize the alleged wrongful conduct.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorney's fees.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for reason of lack of consideration.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Ameriquest did not reject, or deny Plaintiffs application for a loan, therefore,

Plaintiffs failed to state a claim under the Fair Housing Act.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to amend its answer and/or to assert

additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion

of additional defenses.


/s/  Robin L. Beardsley_
Kaye K. Houser (HOU002)
Robin L. Beardsley (BEA066)

Attorneys for
Ameriquest MortgageCompany


**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    (205) 930-5100
Fax:    (205) 930-5335

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of May 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

April England Albright
The Justice Group, Inc.
116 Mabry Street
Selma, Alabama 36701


/s/  Robin Beardsley
Of Counsel