IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILBERT COOLEY & KANDEE COOLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) CASE NO.: 06-215-BH-M |
| AMERIQUEST MORTGAGE COMPANY, a Delaware Corporation, HERITAGE TITLE, LLC, AND FICTITIOUS A – Z, inclusive, | ) ) ) ) ) |
| Defendants. | ) ) |

### AMERIQUEST MORTGAGE COMPANY'S MOTION TO DISMISS PLAINTIFF WILBERT COOLEY

COMES NOW Defendant, Ameriquest Mortgage Company ("Ameriquest"), by and through its undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure and moves this Honorable Court to dismiss all claims asserted against Ameriquest in this action by Plaintiff Wilbert Cooley with prejudice. In support thereof, the Defendant states as follows:

### STATEMENT OF RELEVANT FACTS

1. On or about April 20, 2006, Plaintiff, Wilbert Cooley, filed the above-styled action against Ameriquest. In his Complaint, Wilbert Cooley alleged various claims of fraud and discrimination against Ameriquest arising out of the refinancing of the mortgage on a home owned by Plaintiffs Wilbert and Kandee Cooley. See Complaint attached hereto as Exhibit A.

2. Plaintiff alleged that "during the months of January and February of 2004" he was in communication with Regions Financial Corporation involving an account held by the Wilbert Cooley and his wife Kandee Cooley. See Complaint at ¶ 17.

3. Regions Financial Corporation referred the Plaintiffs to Ameriquest to discuss refinancing the mortgage on their home. See Complaint at ¶ 18. As a direct result, Plaintiffs began working with Ameriquest on refinancing. See Complaint at ¶ 19-21.

4. On or about April 6, 2004, Plaintiffs received information from Ameriquest regarding the fees associated with the closing on the Ameriquest mortgage. See Complaint at ¶ 22. Plaintiff Wilbert Cooley advised Ameriquest to "proceed with the process." See Complaint at ¶ 23.

5. Plaintiffs alleged in their Complaint that on the evening of April 6, 2004, Plaintiff Wilbert Cooley and Kandee Cooley executed various documents provided by a representative of Ameriquest. See Complaint at ¶ 24-26.

6. On or about April 7, 2004, Plaintiff Wilbert Cooley alleged that he contacted an Ameriquest representative and advised that the Plaintiffs' were no longer interested in pursuing the loan and to cancel the process. See Complaint at ¶ 27.

7. On or about April 24, 2004, Plaintiffs allegedly received a package of checks from Heritage Title, on behalf of Ameriquest. Plaintiffs stated that they returned the checks to Heritage Title on or about April 26, 2004. See Complaint at ¶ 28-30.

8. Plaintiff Wilbert Cooley began contacting the national office of Ameriquest and began working on un-funding the loan payments. Plaintiff alleged that the loan payments were disbursed in error. See Complaint at ¶ 31.

9. Plaintiffs alleged in the above-styled Complaint that they "thought the matter would be resolved and the Defendants would be out of their lives, until they received notification in May, 2004, that the un-funding could not occur because Plaintiffs did not cancel their loan." See Complaint at ¶ 31.

10. Plaintiffs filed an official complaint with the United States Department of Housing and Urban Development (HUD) for alleged discrimination and fraud arising out of their experience on or about April 6, 2004. See Complaint at ¶ 36.

11. In July 2004, Plaintiffs were able to reach an agreement with Ameriquest regarding the terms of a second loan and Plaintiffs closed on the Ameriquest loan. See Complaint at ¶ 38.

12. On October 20, 2005, Plaintiffs sent correspondence to Ameriquest stating the same claims of fraud and discrimination as Plaintiffs alleged in the above-styled matter. See Letter dated October 20, 2005 from Wilbert Cooley attached hereto as Exhibit B.

13. Plaintiffs refused to sign the conciliation agreement executed by HUD, and instead filed the above-styled Complaint on April 20, 2006.

14. Prior to filing the above-styled Complaint, on February 24, 2006, Wilbert Cooley filed a petition for Bankruptcy under chapter 7 in the Southern District of Alabama, U.S. Bankruptcy Court BK No. 06-10213. See Bankruptcy Petition attached as Exhibit C.

15. Wilbert Cooley's Chapter 7 Bankruptcy petition lists Ameriquest Mortgage as a creditor holding a secured claim.

16. The Bankruptcy Petition at Schedule B requires Wilbert Cooley to list contingent and unliquidated claims of every nature, however; the Schedule does not disclose any

claims Wilbert Cooley had or may have had against Ameriquest at the time he filed for chapter 7 bankruptcy protection.

17. According to Court records, there have been no amendments to Wilbert Cooley's Chapter 7 Bankruptcy Plan or Schedules to include any claims he had or may have had against Ameriquest.

## ARGUMENT

I. **Ameriquest is entitled to be dismissed with respect to all claims asserted by Plaintiff Wilbert Cooley because Wilbert Cooley filed for Chapter 7 Bankruptcy protection almost 2 years after his alleged claims against Ameriquest arose and Wilbert Cooley did not list the claims in his Chapter 7 Bankruptcy Petition; thus, Wilbert Cooley is judicially estopped from asserting any claims against Ameriquest.**

Wilbert Cooley's claims against Ameriquest are due to be dismissed pursuant to the doctrine of judicial estoppel. Judicial estoppel is an equitable doctrine, invoked at the court's discretion, under which a party is precluded from asserting a claim in a legal proceeding inconsistent with a claim made in a previous proceeding. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). The doctrine exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).

In bankruptcy, debtors have a duty to disclose all potential assets, 11 U.S.C. § 521(1), and must amend their financial statements if circumstances change, *Burnes*, 291 F.3d at 1286. Potential assets include potential legal claims. *Spann v. DynCorp Technical Services, LLC*, 403 F.Supp.2d 1082, 1086-87 (M.D. Ala. 2005). Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1). (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Parker*, 365 F.3d at 1272.

The Eleventh Circuit has previously applied the doctrine of judicial estoppel in cases involving positions taken by a debtor in a bankruptcy petition. See *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003) (plaintiff filed an employment-discrimination lawsuit; filed for bankruptcy, in which he failed to disclose his lawsuit; and ultimately received a complete discharge of his debts in bankruptcy); *De Leon v. Comcar Indus.*, 321 F.3d 1289 (11th Cir. 2003) (plaintiff filed an EEOC complaint and then filed for, and obtained, Chapter 13 bankruptcy protection, in which he failed to disclose his employment claims). Following the Eleventh Circuit's lead, district courts have applied judicial estoppel in situations where the plaintiff filed bankruptcy documents after taking steps to pursue the employment claims at issue. *Traylor v. Gene Evans Ford, LLC*, 185 F.Supp.2d 1338, 1340 (N.D. Ga. 2002); *Chandler v. Samford Univ.*, 35 F.Supp.2d 861, 863-65 (N.D. Ala. 1999).

In the present case, Plaintiff Wilbert Cooley admittedly was well aware of his claims against Ameriquest almost 2 years prior to the filing of his bankruptcy petition on February 24, 2006. Furthermore, Plaintiff admitted in his Complaint that he had previously "filed an official complaint with the United States Department of Housing and Urban Development (HUD) for the discrimination and fraud they experienced on or about April 6, 2004." See Complaint at ¶ 36. HUD advised Plaintiffs to take a conciliation agreement which

required a new loan with Ameriquest and would preclude the Plaintiffs from seeking any redress in Federal Court.  See Complaint at ¶ 37.  Plaintiffs refused to sign the conciliation agreement executed by HUD, and instead decided to maintain his right to file a complaint and in fact filed this complaint on or about April 20, 2006.  See Complaint at ¶ 39.

Additionally, Plaintiff sent a letter to Ameriquest on October 20, 2005, which stated in part "we are prepared to file a formal complaint."  See Exhibit B.  Therefore, it is undisputed that on February 24, 2006, when Wilbert Cooley filed his Chapter 7 Bankruptcy petition, Wilbert Cooley was well aware of the claims of alleged fraud and discrimination he now seeks to assert against Ameriquest and he failed to disclose those claims in the Bankruptcy Plan and Schedules.   Wilbert Cooley's claims in this case are therefore foreclosed by the doctrine of judicial estoppel because he clearly asserted a position in this legal proceeding inconsistent with a claim made in the previous bankruptcy proceeding.

**II.  Ameriquest is entitled to be dismissed with respect to all claims asserted by Plaintiff Wilbert Cooley because Wilbert Cooley is not a real party in interest.**

Wilbert Cooley's claims against Ameriquest are due to be dismissed because Wilbert Cooley is not a real party in interest.  According to Rule 17 of the Federal Rules of Civil Procedure "every action shall be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  In a Chapter 7 Bankruptcy proceeding, all pre-petition causes of action belong to the bankruptcy estate and generally must be prosecuted by the Bankruptcy Trustee.  *Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).   In the present case, Wilbert Cooley filed a Chapter 7 Bankruptcy petition on February 24, 2006, in the Southern District of Alabama, U.S. Bankruptcy Court BK No. 06-10213.  See Exhibit C.  As previously discussed, Wilbert Cooley was well aware of the claims of fraud and discrimination alleged against

Ameriquest in the above-styled matter prior to the filing of his Chapter 7 Bankruptcy petition. Any claims Wilbert Cooley alleged against Ameriquest are pre-petition claims which belong to the bankruptcy estate. Therefore, Wilbert Cooley is not a real party in interest in the above-styled matter and Plaintiff Wilbert Cooley's claims against Ameriquest are due to be dismissed.

## CONCLUSION

For these reasons, Ameriquest respectfully requests that the claims asserted by Plaintiff Wilbert Cooley be dismissed with prejudice.

/s/Robin L. Beardsley_____
Kaye K. Houser (HOU022)
Robin L. Beardsley (BEA066)
Attorneys for Ameriquest Mortgage Company

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5100
Fax:   (205) 930-5335

## CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of May 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

April England Albright
The Justice Group, Inc.
116 Mabry Street
Selma, Alabama 36701

                                              /s/  Robin L. Beardsley
                                              Of Counsel