IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**WILBERT COOLEY &**
**KANDEE COOLEY,**

    **Plaintiffs,**

vs.                                                         Case No.: 06-215

**AMERIQUEST MORTGAGE COMPANY,**
a Delaware Corporation, **HERITAGE TITLE, LLC,**
**AND FICTITIOUS A – Z, inclusive,**

    **Defendants.**

**RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS/**
**MOTION FOR ADDITIONAL TIME FOR TRUSTEE TO INTERVENE**

**COMES NOW**, the Plaintiff, Wilbert Cooley, and submits the following response to the Defendant's motion to dismiss. Plaintiff responds as follows:

### INTRODUCTION

The Defendant filed its motion to dismiss Plaintiff's, Wilbert Cooley, claims on two grounds: 1) judicial estoppel and 2) lack of standing. Plaintiff, Wilbert Cooley will address each respectively below.

### ARGUMENT

**A. Plaintiff Cooley should not be judicially estopped from filing his claim against Ameriquest.**

The United States Supreme Court has held that for judicial estoppel to apply 1) a party's later position must be "clearly inconsistent" with its earlier position in a prior legal proceeding; 2) the party must have been successful in the

prior proceeding so that the "judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or second court was misled" (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 (6th Cir. 1982); and 3) the party seeking to assert an inconsistent position must "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire v. Maine, 532 U.S. 742, 149 L. Ed.2d 968, 121 S.Ct 1808 (2001).

The Defendant in the instance case must present evidence of each requirement in order to convince this Court that such a harsh principle should apply.  The Defendant cannot satisfy this burden.  First, the Defendant has not presented any direct evidence, which demonstrates that Plaintiff Wilbert Cooley unequivocally presented a clear inconsistent position in an earlier legal proceeding.  Instead the Defendant relies solely on the original bankruptcy petition filed by Plaintiff, and asks the Court to infer a greater meaning to the documents.  It is undisputed in the records presently before the Court that Wilbert Cooley filed his Chapter 7 Bankruptcy Petition on February 24, 2006. Information also before the Court reflects a filing date of the complaint in District Court on April 20, 2005, virtually two months after Mr. Cooley filed bankruptcy.

What is not in the record, until now, is evidence that Wilbert Cooley, testified under oath that he had a potential lawsuit against Ameriquest Mortgage during a 341 meeting of the creditors on March 20, 2006. (**Attachment A, Affidavit from Trustee**) This disclosure was of course given prior to the filing of the complaint presently before the Court.  Moreover, on June 1st, 2006, Plaintiff

filed a motion to amend schedules B & C of his bankruptcy petition to include a claim against Ameriquest Mortgage.  (**Attachment B, Wilbert Cooley's Motion to Amend schedules**).  Finally, Plaintiff has not been discharged of the debts listed in his petition, thus leaving bankruptcy case open.  There is therefore **no** inconsistent statement made in Plaintiff's bankruptcy proceeding and proceeding before this Court.

Even though Defendant's position should fail because of the above analysis, the Defendant cannot demonstrate the final two requirements necessary to invoke the principle of judicial estoppel.  There is no evidence that Plaintiff succeeded in an earlier proceeding since his bankruptcy proceeding is ongoing.  Finally, Defendant has not and cannot demonstrate that it has received an unfair detriment from the alleged act, which does not exist.  As stated by the Defendant in their motion, judicial estoppel is an equitable concept designed **only** to prevent the perversion of the judicial process and to maintain the integrity of the judicial process. See New Hampshire, 532 U.S. 742 (2001).  There is absolutely no evidence that Plaintiff has sought to undermine the integrity or hinder this Court's ability to oversee this case.  For this reason, the cases cited by the Defendant do not apply, and the Defendant is not entitled to a dismissal on the ground of judicial estoppel.

**B. Wilbert Cooley is a joint party in interest with the Bankruptcy Trustee**

Because Plaintiff Wilbert Cooley recently amended his Bankruptcy Petition to officially add his complaint against Ameriquest Mortgage to schedules B & C of his Petition, the Bankruptcy Trustee has notified counsel of her desire to

intervene as a joint party of interest.  For this reason, Plaintiff respectfully request that this Court grant additional time for the Trustee to file the intervention before ruling on Defendant's motion to dismiss Wilbert Cooley's claims on the ground of lack of standing.

**WHEREFORE**, Plaintiff, Wilbert Cooley respectfully moves this Court to deny Defendant's motion to dismiss on the ground of judicial estoppel and grant the Trustee additional time to file a motion to intervene as a joint party of interest with Plaintiff Wilbert Cooley.

> **Respectfully submitted,**
>
> **/s/April England-Albright**
> **April England-Albright**
> **Engl6637**
> **Counsel to the Plaintiff**

**OF COUNSEL**:

**Justice Group, Inc.**
**April England-Albright**
**116 Mabry Street**
**Selma, Alabama 36701**
**(334)872-7589**
**(334)877-4890**

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing documents have been served upon this the 8th day of June, 2006 by electronic filing service and regular mail upon.

**Kaye K. Houser**
**Robin L. Beardsley**
**SIROTE & PERMUTT, P.C.**
**2311 Highland Avenue South**
**Birmingham, Alabama 35255-5727**

> **/s/April England-Albright**
> **Of Counsel**