IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILBERT COOLEY & KANDEE COOLEY, ) ) ) | |
| Plaintiffs, ) ) | |
| v.        ) ) | Civil Case No.:  06-215-BH-M |
| AMERIQUEST MORTGAGE COMPANY, a Delaware Corp., HERITAGE TITLE, LLC, AND FICTITIOUS A – Z, inclusive, ) ) ) ) ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on Defendant Ameriquest Mortgage, Inc.'s (hereinafter, "Ameriquest") Motion (Doc. 7) to Dismiss Plaintiff Wilbert Cooley.  Upon the Court's Order (Doc. 8) Plaintiff Wilbert Cooley has responded (Doc. 9) to the Motion to Dismiss.  Upon review of the above cited documents and all relevant evidence submitted therewith, the Court finds that Defendant Ameriquest's Motion (Doc. 7) to Dismiss is **due to be DENIED**.

In support of its Motion to Dismiss, Ameriquest submits that Plaintiff Cooley should be judicially estopped from pursuing his claims because he failed to disclose them as a potential asset when he filed for Chapter 7 bankruptcy on February 24, 2006 in the Southern District of Alabama. The Court does note, however, that Plaintiff Cooley did make such claims known to his Bankruptcy Trustee on March 20, 2006, prior to the filing of this suit and amended his Bankruptcy schedules to include these claims on June 1, 2006.  Defendant Ameriquest also contends that Plaintiff Cooley lacks standing to bring this action because he is not a real party in interest due to his position as a debtor in bankruptcy.  While this is accurate, Plaintiff has indicated to the Court that the Bankruptcy

Trustee has expressed a desire to intervene as a joint party of interest and requests additional time to allow her to do so. At this early stage of litigation, the Court finds that such an allowance is appropriate. Therefore, if she still wishes to do so, the Bankruptcy Trustee must **INTERVENE as a joint party of interest ON or BEFORE July 10, 2006**. The Court further finds that the irregularities submitted by Defendant Ameriquest regarding notification of potential assets have now been remedied and are not unfairly prejudicial. Defendant Ameriquest's Motion (Doc. 7) to Dismiss Plaintiff Wilbert Cooley is **hereby DENIED**.

**So ORDERED**, this 12th day of June, 2006.

_s/ W. B. Hand_
SENIOR DISTRICT JUDGE
