IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILBERT COOLEY and | * | |
| KANDEE COOLEY, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No. 1:06-cv-00215-BH-M |
| | * | |
| AMERIQUEST MORTGAGE | * | |
| COMPANY, a Delaware | * | |
| Corporation; HERITAGE | * | |
| TITLE, LLC, et al., | * | |
| | * | |
| Defendants | * | |

## ANSWER OF DEFENDANT HERITAGE TITLE, LLC

**COMES NOW** the Defendant, Heritage Title, LLC, and for answer to the Complaint of the Plaintiffs, pleads as follows:

### Introduction

1-10.  The Defendant denies the allegations of paragraphs 1 - 10 of the Complaint.

### Parties

11-12.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 11 - 12 of the Complaint.

13.    For answer to paragraph 13 of the Complaint, the Defendant admits that it is a company conducting business in the State of Alabama and in Long Beach,

Mississippi. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 13 of the Complaint.

### Jurisdiction & Venue

14.     For answer to paragraph 14 of the Complaint, this Defendant avers that it does not contest personal jurisdiction over it. The Defendant denies the remaining allegations of paragraph 14.

15.     To the extent a response is required, the Defendant denies the allegations of paragraph 15 of the Complaint.

16.     For answer to paragraph 16 of the Complaint, the Defendant avers that it does not contest venue in the United States District Court for the Southern District of Alabama. The Defendant denies the remaining allegations of paragraph 16 of the Complaint.

### Statement of Facts

17-23.  The Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraphs 17 - 23 of the Complaint.

24-25.  The Defendant denies the allegations of paragraphs 24 - 25 of the Complaint.

26-27.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 26 - 27 of the Complaint.

28.     For answer to paragraph 28 of the Complaint, the Defendant admits

that it provided certain information to one or more of the Plaintiffs concerning certain disbursements. The Defendant denies the remainder of the allegations of paragraph 28 of the Complaint.

29-30.   The Defendant denies the allegations of paragraphs 29 - 30 of the Complaint.

31-32.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 31 - 32 of the Complaint.

33.   The Defendant denies the allegations of paragraph 33 of the Complaint.

34.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35.   The Defendant denies the allegations of paragraph 35 of the Complaint.

36-37.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 36 - 37 of the Complaint.

38-40.  The Defendant denies the allegations of paragraphs 38 - 40 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Federal Truth in Lending Act
### Federal Reserve Regulation Z as to Defendant, Ameriquest

41-48.   The allegations of paragraphs 41 - 48 not being referable to this Defendant, no response is made thereto.

## SECOND CAUSE OF ACTION
### Violation of the Fair Housing Act as to Defendant, Ameriquest

49-55.   The allegations of paragraphs 49 - 55 not being referable to this Defendant, no response is made thereto.

## THIRD CAUSE OF ACTION
### Violation of the Equal Credit Opportunity Act as to Defendant Ameriquest

56-62.   The allegations of paragraphs 56 - 62 not being referable to this Defendant, no response is made thereto.

## FOURTH CAUSE OF ACTION
### PENDANT STATE CLAIM
### Violation of Alabama's Unfair Competition Act as to Defendant Ameriquest

63-67.   The allegations of paragraphs 63 - 67 not being referable to this Defendant, no response is made thereto.

## FIFTH CAUSE OF ACTION
### PENDANT STATE CLAIM
### Negligent Training as to each Defendant

68.   For answer to paragraph 68 of the Complaint, the Defendant adopts its responses in paragraphs 1 - 67 above.

69-72.   The Defendant denies the allegations of paragraphs 69 - 72 of the Complaint.

## SIXTH CAUSE OF ACTION
## PENDANT STATE CLAIM
### Negligent Supervision as to each Defendant

73.  For answer to paragraph 73 of the Complaint, the Defendant adopts its responses in paragraphs 1 - 72 above.

74-77.  The Defendant denies the allegations of paragraphs 74 - 77 of the Complaint.

## COUNT SEVEN
## PENDANT STATE CLAIM
### Fraud and Misrepresentation as to Each Defendant

78.  For answer to paragraph 78 of the Complaint, the Defendant adopts its responses in paragraphs 1 - 77 above.

79-82.  The Defendant denies the allegations of paragraphs 79 - 82 of the Complaint.

## COUNT EIGHT
## PENDANT STATE CLAIM
### Breach of Fiduciary Duty by Heritage Title, LLC

83.  For answer to paragraph 83 of the Complaint, the Defendant adopts its responses in paragraphs 1 - 82 above.

84-87.  The Defendant denies the allegations of paragraphs 84 - 87 of the Complaint.

**FIRST DEFENSE**

At the time and place complained of, the Plaintiffs were themselves guilty of negligence which proximately contributed to the damages complained of.

**SECOND DEFENSE**

The Plaintiffs did not reasonably rely upon any alleged misrepresentations of this Defendant and thus there can be no recovery under the claims for fraud and misrepresentation.

**THIRD DEFENSE**

There was no fiduciary relationship between this Defendant and the Plaintiffs and thus there can be no recovery under the claim for breach of fiduciary duty.

**FOURTH DEFENSE**

The Plaintiffs' claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

The Plaintiffs have by their conduct waived, or are now estopped, to obtain any recovery from this Defendant.

**SIXTH DEFENSE**

Plaintiff Wilbert Cooley is not a proper party Plaintiff in this case because he filed for protection under Chapter VII of the Bankruptcy Code in the U. S. Bankruptcy Court for the Southern District of Alabama BK No. 06-10213.

## SEVENTH DEFENSE

Plaintiff Wilbert Cooley is not a real party in interest because he filed for protection under Chapter VII of the Bankruptcy Code in the U. S. Bankruptcy Court for the Southern District of Alabama and therefor the Trustee assumes all claims held by Plaintiff Wilbert Cooley.

## EIGHTH DEFENSE

Plaintiff Wilbert Cooley is not a proper Plaintiff in that he is judicially estopped from asserting the claims set forth in the Complaint.

## NINTH DEFENSE

Plaintiffs' claims are barred because they failed to mitigate their damages.

## TENTH DEFENSE

This Defendant made no misrepresentations of material facts upon which the Plaintiffs reasonably relied to their detriment.

## ELEVENTH DEFENSE

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt"

burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## **TWELFTH DEFENSE**

Plaintiffs' claims for punitive damages violate the Due Process protections of Article I, Sections 6 and 13 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of Due Process to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law.

### THIRTEENTH DEFENSE

This Defendant avers that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

## **FOURTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, this Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

        s/Robert A. Huffaker
        Rushton, Stakely, Johnston & Garrett, P.A.
        Post Office Box 270
        Montgomery, Alabama  36101-0270
        Tel:  (334) 206-3215
        Fax: (334) 481-0814
        E-Mail: rah@rsjg.com
        Bar Number:  ASB-7668-U79R

        Attorney for Defendant
        Heritage Title, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

April England Albright
The Justice Group, Inc.
116 Mabry Street
Selma, Alabama 36701

Kaye K. Houser
Robin L. Beardsley
Sirote & Permutt, P.C.
Post Office Box 35255-5727

                s/Robert A. Huffaker
                Of Counsel