**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**WILBERT COOLEY &
KANDEE COOLEY,**

      **Plaintiffs,**

**vs.**                                                      **Case No.: 06-215**

**AMERIQUEST MORTGAGE COMPANY,
a Delaware Corporation, HERITAGE TITLE, LLC,
AND FICTITIOUS A – Z, inclusive,**

      **Defendants.**

---

**PARTIES REPORT OF THE PLANNING MEETING**

---

      **Pursuant** to Fed. R. Civ. P. 26 (f) a meeting was held on ___November 8, 2006

attended by:

    A.  **April England-Albright for Plaintiffs, Wilbert Cooley and Kandee Cooley**
    B.  **Kaye K. Houser and Robin L. Beardsley, Defendant, Ameriquest
        Mortgage Company.**

      The parties do not request a conference with the Court before entry of the
scheduling order.

    1.

        a.  Plaintiff's Statement of the Issues

           As it relates to Plaintiff's loan, Defendant Ameriquest Mortgage has been
           engaged in unfair, unlawful and deceptive business practices The
           Defendant, Ameriquest Mortgage and Heritage Title committed fraud, and
           violated laws involving fair loan practices and truth in lending practices.
           The Defendant Ameriquest mortgage, baited Plaintiffs by conducting a

closing without advising Plaintiffs that they were actually participating in a loan closing. Defendant Ameriquest Mortgage also presented Plaintiff with one HUD-1, which they stated was preliminary, but subsequently changed the HUD-1 without Plaintiffs knowledge or signature, reflecting different fees and cost.  Defendant, Ameriquest Mortgage, intentionally misrepresented that they were not conducting a final closing on April 13, 2004 in order to deceptively take away Plaintiffs' formal right to cancel the loan.  Defendant, Heritage Title also breached their fiduciary responsibility as it relates to Plaintiff by failing to conduct a proper loan closing or advising Plaintiff's that they were actually conducing a final loan closing which required them to submit a formal right to rescind if they desired to cancel. In fact, Defendant, the representative which came to Plaintiffs' home advised Plaintiffs that the documents they were signing were not final, and they should direct all their questions to the attorney closing the loan.  As a result of the intentional and negligent acts of the Defendant, Plaintiffs suffered financially and emotionally.  Plaintiffs are due compensatory and punitive damages.

    b. Defendant's statement of the Issues

In April 2004, Plaintiffs applied for refinancing with Defendant Ameriquest Mortgage.  Ameriquest Mortgage worked with the Plaintiffs on securing a loan. Plaintiffs proceeded with the loan application process with Ameriquest Mortgage. Plaintiffs were approved for refinancing.  Plaintiff's failed to properly cancel their loan with Ameriquest Mortgage.   In July 2004, Plaintiffs were able to reach an agreement with Ameriquest Mortgage regarding the terms of a second loan and Plaintiffs closed on the Ameriquest loan.  Ameriquest Mortgage denies all claims alleged by the Plaintiffs in their Complaint.

2. This jury action should be ready for trial by September 2007 and at this time is expected to take 1 or 2 days.

3. The parties request a pretrial conference in August, 2007.

4. Discovery Plan: The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on all claims of Plaintiff and all defenses of Defendant. All discovery shall be commenced in time to be completed by June 1st, 2007. Supplementations under Rule 26 (c) due every 90 days if discoverable.

5. Initial Disclosures:  The parties will exchange the documentation required by Fed. R. Civ. P. 26 (a) (1) within 14 days of the date of this Report of Parties Planning Meeting.

6. The parties request until February 1, 2007 for the Plaintiff to join additional parties and amend the pleadings, and February 15, 2007 for the Defendant to join additional parties and amend the pleadings.

7. Reports form retained experts under Rule 26 (a) (2) due:
   a. From Plaintiff: March 1, 2007
   b. From Defendant: April 1, 2007

8. Pretrial disclosures: Final list of witnesses and exhibits under Rule 26 (a) (3) due by August 15, 2007.

9. Discovery Limits:

1. Maximum of 30 interrogatories, by each party to any other party.  Responses due in 30 days of service.
2. Maximum of 6 depositions by Plaintiff and 6 deposition by defendant. Each deposition limited to maximum of 4 hours, unless extended by agreement of the parties.
3. Maximum of 30 requests of production of documents by each party to any other party. Responses due 30 days after service.

10. All potentially dispositive motion shall be filed on or about July 1, 2007.

11. Settlement cannot be evaluated prior to April 1, 2006.

Submitted this the 9, November, 2007

**s/April England-Albright**            **s/  Robin L. Breadsley**
BarNo.: _____                Bar No.:_____
Attorney for the Plaintiff             Attorney for the Defendant
116 Mabry Street                       2311 Highland Avenue South
Selma, Alabama 36701                   Birmingham, Alabama 35255-5727