IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILBERT COOLEY & ) <br> KANDEE COOLEY, ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> AMERIQUEST MORTGAGE ) <br> COMPANY, a Delaware Corporation, ) <br> HERITAGE TITLE, LLC, ) <br> ) <br>     **Defendants.** ) <br> ) | **CASE NO.: 06-215** |

**RESPONSE TO PLAINTIFFS' MOTION FOR RELIEF FROM PAYMENT OF MORTGAGE**

COMES NOW, Ameriquest Mortgage Company ("Ameriquest" or "Defendant") and files this response to Plaintiffs' Motion for Relief from Payment of Mortgage. In support thereof, Ameriquest shows, as follows:

**I.**     **Plaintiffs request for relief from mortgage payments should be denied because the parties have not conducted any discovery, nor has there been a trial on the merits.**

Plaintiffs Motion for Relief from Mortgage Payments ("Motion for Relief") requests that this Court award the Plaintiff a portion of the final damages that the Plaintiffs seek in this lawsuit. Plaintiffs request this relief before the parties have completed the discovery phase of this case.

According to the Scheduling Order in this case, the discovery deadline is June 1, 2007. At the present time, the parties have exchanged written discovery, however the parties have not conducted any depositions in this case.

Additionally, the Plaintiffs' Motion for Relief is seeking an award of damages before a trial on the merits. It would be a violation of law for this Court to award damages to Plaintiffs unless and until Plaintiffs prove the validity of their claims. It is the Plaintiffs burden to prove damages. The mere fact that the Plaintiffs alleged claims against the Defendant Ameriquest does not entitle the Plaintiffs to damages. Clearly, Plaintiffs' request for damages prior to discovery or fact-finding places this Court in a position of awarding damages based solely upon the Plaintiff's allegations in the Complaint. Therefore, Defendant Ameriquest respectfully requests that this Court deny the Plaintiffs' Request for Relief of Mortgage Payments.

**II.     Plaintiffs' Motion likens to a motion for summary judgment and therefore should be held to the same standard.**

Because Plaintiffs' Motion is requesting relief that is among the final damages sought by the Plaintiffs, the Plaintiffs Motion should be held to the summary judgment standard. Summary judgment is proper under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The movant bears the initial burden of "making a prima facie showing that there [is] no genuine issue of material fact and that [the movant is] entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In the present case, the Plaintiffs have failed to meet the summary judgment standard as there are no pleadings, depositions, answers to interrogatories, admissions on file, or affidavits to support a finding of "no genuine issue as to any material fact." Therefore, the Defendant Ameriquest respectfully requests that this Court deny the Plaintiff's Motion for Relief.

> **III. Plaintiffs had financial hardships prior to entering into a mortgage with Ameriquest, therefore at this stage in the litigation, Plaintiffs allegations that the subject Ameriquest Mortgage is causing financial hardship are unsupported claims.**

In their Motion for Relief, Plaintiffs claim that "[t]he terms of said mortgage [with Ameriquest] have created a financial hardship on Plaintiff[s] . . . ." *See* Plaintiffs' Motion for Relief at 1. Plaintiffs, however, conceded in their original Complaint that in January and February 2004, Plaintiffs had "continu[ally] fail[ed] to comply with the payment arrangements they agreed to involving Regions Financial Corporation ["Regions"] for a debt that was in excess of $13,000." Plaintiffs' Complaint at ¶ 17. The Plaintiff further

admitted in the original Complaint that as a result of their failure to comply with the terms of the payment arrangements with Regions, Regions referred the Plaintiffs to Ameriquest for assistance with refinancing. *See* Plaintiffs' Complaint at ¶ 18. It was not until April 2004, when the Plaintiffs refinanced with Ameriquest. *Id*. at ¶ 22.

Plaintiffs assertion in their Motion for Relief that the Plaintiffs are currently suffering financial hardship is not relevant because the Plaintiffs readily admitted in their original Complaint that they have been experiencing financial hardships and were unable to maintain the terms and/or arrangements with their original loan prior to Ameriquest ever having any dealings with the Plaintiffs. Therefore, based upon the Plaintiffs own Complaint, Ameriquest should not be held responsible for the Plaintiffs financial sufferings because Plaintiffs admittedly were unable to meet the financial obligations of their first mortgage with Regions long before they sought help from Ameriquest. In fact, Plaintiffs sought out financial assistance from Ameriquest because of the financial difficulties they were experiencing with their Regions mortgage. For these reasons, Defendant respectfully requests that this Court deny Plaintiffs requested relief.

**IV. Plaintiffs wrongfully and inaccurately claim that the remedy they request is not extraordinary and has been afforded to other plaintiffs in other pending lawsuits against Ameriquest Mortgage in other jurisdictions.**

Plaintiffs wrongfully and inaccurately claim that the remedy they request is "not extraordinary and has been afforded to other Plaintiffs in order pending lawsuits against Ameriquest Mortgage in order [sic] jurisdictions." *See* Plaintiffs' Motion at 2. Ameriquest is not aware of any other occasion where a court has awarded the Plaintiff damages in the form of relief from mortgage payments prior to conducting discovery or a trial on the merits. Admittedly there are occasions where Ameriquest may work out arrangements with an individual regarding payment of their mortgage, however, that is done on an individual basis and there has not been any agreement reached in this case for any such arrangement.

It is also worth noting that even in Bankruptcy proceedings, Debtors are often required to continue paying the mortgage despite their obvious financial hardships. Bankruptcy courts often require debtors to pay their past-due mortgage payments in addition to continuing to pay their monthly mortgage payments. *See generally In re Hayward*, 281 B.R. 362 (S.D. Ala. 2001). Thus, it is not unreasonable for this Court to require Plaintiffs to continue to make their mortgage payments during the course of this litigation.

### V. Ameriquest will be prejudiced by the Plaintiffs requested relief.

Ameriquest will likely suffer prejudice if Plaintiffs' Motion for Relief is granted, because if Ameriquest ultimately succeeds in this case the Plaintiffs Mortgage payments will not only be reinstated, but the Plaintiffs requested relief will lead to a significant arrearage owed on the Mortgage. Ameriquest will have been unduely prejudiced by the failure of the Plaintiffs to make payments on a debt that is legitimately owed to Ameriquest. Furthermore, the status of the parties will be difficult for the Court to reinstate.  If Plaintiffs' struggle just to pay their monthly mortgage payment, it is very unlikely that Plaintiffs' would be able to pay Ameriquest a monthly mortgage payment and also repay the "suspended mortgage" payments that would be in arrears.  Therefore, Defendant respectfully requests that this Court deny the Plaintiffs Motion for Relief.

**WHEREFORE, PREMISES CONSIDERED**, Ameriquest Mortgage Company respectfully requests that this Honorable Court deny Plaintiffs' Motion for Relief from Payment of Mortgage.

/s/ Robin L. Beardsley  
Kaye K. Houser  
Robin L. Beardsley  
Attorneys for Defendant

**OF COUNSEL:**
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, AL 35205
(205)930-5327 Telephone
(205)930-5101 Facsimile

**CERTIFICATE OF SERVICE**

       I hereby certify that I have served a copy of the above and foregoing upon all counsel of record, by placing same in the U. S. Mail, postage prepaid and properly addressed on this the 15th day of March 2007 as follows:

       Justice Group, Inc.
       April England-Albright
       116 Mabry Street
       Selma, Alabama 36701

       Laura C Nettles
       LLOYD GRAY & WHITEHEAD PC
       2501 20th Place, South, Suite 300
       Birmingham, AL 35223

                                   /s/Robin L. Beardsley
                                   Of Counsel