```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

WILBERT COOLEY, et al.,          :
                                 :
     Plaintiffs,                 :
                                 :
vs.                              :   CIVIL ACTION 06-0215-BH-M
                                 :
AMERIQUEST MORTGAGE, INC.,       :
et al.,                          :
                                 :
     Defendants.                 :


## AMENDED RULE 16(b) SCHEDULING ORDER

After consideration of the Joint Motion to Continue Discovery (Doc. 35), the motion was granted this date. Therefore, the following amended scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1.  <u>TRIAL</u>.  This action is set for jury selection on **January 3, 2008, at 8:45 a.m.,** and for trial sometime during the month of **January 2008,** the specific date to be set once the total number of actions going to trial that month is determined.  The parties estimate that the trial of this action will take **1-2 days**.

2.  <u>FINAL PRETRIAL CONFERENCE</u>.  This action is set for a final pretrial conference before the District Judge on **December 12, 2007, at <u>9:00 a.m.</u>  This is a <u>firm</u> setting and the parties are expected to be ready for trial on that date.**

**<u>A COPY OF THE DISTRICT JUDGE'S SPECIAL REQUIREMENTS FOR FINAL PRETRIAL CONFERENCES HAS PREVIOUSLY BEEN FURNISHED TO COUNSEL.  NO ADDITIONAL NOTICE REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE GIVEN.</u>**

3.  <u>DISCOVERY COMPLETION</u>.  All discovery is to be completed on or before **August 3, 2007.  Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all interrogatories, requests for admissions, requests for production and responses thereto have been served; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions, taken; **motions to compel timely filed to give adequate time for the Court to consider them**[1]; and non-party subpoenas (for production of evidence or to permit inspection) issued.

4.  INITIAL DISCLOSURES. The initial disclosures required by Fed.R.Civ.P. 26(a)(1) have been made by the parties.

5.  AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES. Any motion for leave to amend the pleadings or to join other parties has been filed.

6.  EXPERT TESTIMONY. The disclosure of expert reports required by Fed.R.Civ.P. 26(a)(2) is to be made by Plaintiffs on or before **June 8, 2007,** and by Defendants on or before **July 6, 2007**.

7.  SUPPLEMENTATION. Supplementation of disclosures and responses required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably."

8.  PRETRIAL DISCLOSURES. The disclosure of information regarding the evidence that each party may present at trial required by Fed.R.Civ.P. 26(a)(3) is to be made on or before **November 21, 2007**.

9.  DISCOVERY LIMITS. Discovery is limited as follows:

    a.  Not more than **30** interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

    b.  Not more than **6** depositions may be taken by each party. Each deposition is limited to a maximum of **4 hours** unless extended by agreement of the parties;

    c.  Not more than **30** requests for admissions, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

---

[1] *See* paragraph 10(b).

   d. Not more than **30** requests for production of documents, including all discrete subparts, may be served by each party upon any other party.  Responses are due within thirty (30) days of service;

   e. Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.

 In applying these limits, all parties represented by the same counsel will be treated as a single party.

 10. <u>DISCOVERY MOTIONS</u>.  The following requirements pertain to discovery motions filed in this Court:

   a. <u>Conferencing by Counsel</u>.  The conferencing requirements set forth in the Federal Rules of Civil Procedure and this order will be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, and any motion for extension of time on discovery-related issues.  This requirement applies to all such discovery-related motions, including but not limited to, those referred to in Fed.R.Civ.P. 26(c) (protective order); 34(b) (motion to compel production or inspection); 35(a) (motion for physical or mental examination); 36(a) (motion to determine sufficiency of admissions); 37(a) (order compelling disclosure or discovery); 37(d) (failure to attend own deposition, respond to interrogatories or requests for production); and 45(c) (protection of persons subject to subpoena).  In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter.  Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties.  Any such motion not containing the required certification will be stricken or denied.[2]

---

[2] The undersigned interprets the Federal Rules of Civil Procedure to mean that parties should attempt in good faith to work out any discovery disputes <u>prior</u> to asking for court intervention.  When court intervention is required, the requesting party <u>must</u> certify to the Court its good faith efforts in resolving the issue short of court intervention.  <u>See</u> <u>e.g.</u>, <u>Shuffle Master, Inc. v. Progressive Games, Inc.</u>, 170 F.R.D. 166, 171 (D.Nev. 1996) ("[c]ounsel seeking court-facilitated discovery, instead, must

       b.    <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court.  Any such motion shall include and quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

       c.    <u>Time for Response</u>.  Unless within eleven (11) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion.  Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the response is based.

       d.    <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Fed.R.Civ.P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.  Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production.  The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998), which document can be found on the Court's website, **http://www.alsd.uscourts.gov**.

---

adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties ....  [t]hat is, a certificate must include, <u>inter</u> <u>alia</u>, the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any.")

4

    11.    <u>DISPOSITIVE MOTIONS</u>.  Motions for summary judgment and any other dispositive motions, especially those which require little or no discovery, are to be filed as soon as possible but in no event later than **August 24, 2007**.  Neither the final pretrial conference nor the trial of this action will be delayed pending a ruling on such motions.  In submitting exhibits, the parties are reminded of Local Rules 5.5(b) and (c), which provide that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion.  Evidentiary submissions that do not comport with these requirements may be disregarded.

    12.    <u>SETTLEMENT</u>.  On or before **August 3, 2007,** the parties shall confer for the purpose of discussing settlement and shall file with the Clerk of Court <u>a joint statement</u> setting forth the parties' positions regarding settlement of this action through any of the approved alternative dispute resolution procedures.  However, the parties may contact the undersigned Judge at any stage of the proceedings if they believe mediation or a settlement conference would be beneficial.  Given that most actions settle, early settlement negotiations are <u>strongly</u> encouraged.  A copy of the Court's alternative dispute resolution plan can be found the Court's website, **http://www.alsd.uscourts.gov**.

    13.    <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.  Unless prior permission of the Court is given:

        a.    A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length.  Attachments to the brief do not count toward the page limitation.  <u>See</u> LR 7.1(b).

        b.    An application to the Court for an order shall be by motion, not by letter.  <u>See</u> Fed.R.Civ.P. 7(b).  Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter.  <u>See</u> LR 5.1(d).

        c.    Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's chambers.  A copy of a pleading, motion, or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion or other paper; simply refer to it.  If a party's exhibits in support of or in opposition to a

motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to the Judge's chambers by mail or hand delivery.

       d.   Papers transmitted to the Court by facsimile will not be accepted for filing.  A copy of this Court's policy regarding the faxing of documents can be found the Court's website, **http://www.alsd.uscourts.gov**.

    14.   <u>LOCAL RULES</u>.  The Local Rules of this district contain important requirements concerning commencement of discovery, motions to dismiss and for summary judgment, class actions, and other matters and can be found on the Court's website, **http://www.alsd.uscourts.gov**.  Please note that LR 5.5 proscribes the filing of most discovery materials.

    DONE this 24th day of May, 2007.

                             <u>s/BERT W. MILLING, JR.</u>
                             UNITED STATES MAGISTRATE JUDGE