IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILBERT AND KANDEE COOLEY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NUMBER: 1:06-cv-00215-BH-M |
| | ) |
| AMERIQUEST MORTGAGE | ) |
| COMPANY et al., | ) |
| | ) |
| Defendant(s). | ) |

**PLAINTIFF'S OBJECTION TO PLAINTIFFS'**
**NOTICE OF TAKING DEPOSITION UNDER 30(b)(6)**

COMES NOW Ameriquest Mortgage Company, Inc. ("Ameriquest"), and moves this Court for a protective order, showing the Court as follows:

**FACTS**

Discovery in the above styled matter is set to expire on August 3, 2007. Counsel for Plaintiffs, April England Albright previously requested and counsel for Ameriquest agreed to take the deposition of Ameriquest via teleconference. *See* June 6, 2007 e-mail correspondence to April England Albright attached as Exhibit A. On July 5, 2007, Plaintiffs counsel Earl P. Underwood sent via e-mail a Notice of Deposition of Ameriquest's 30(b)(6) representative for July 23, 2007, at 9:00 am, at the law offices of Earl P. Underwood in Fairhope, Alabama. *See* Notice of Taking Deposition Pursuant to Rule 30(b)(6), attached hereto as Exhibit B. On July 5, 2007, Ameriquest advised Plaintiffs' counsel by e-mail correspondence that Ameriquest is willing to produce one or more representatives for a corporate representative deposition, however the deposition would need to be taken in Orange, California where the designated corporate

1

representatives of Ameriquest reside and work. *See* July 5, 2007 email to Earl Underwood, attached hereto as Exhibit C. At that time, counsel for Ameriquest advised Plaintiffs' counsel that Ameriquest's principal place of business was in Orange, California and that the designated witnesses reside and work in Orange, California.

Counsel for Plaintiffs' previously suggested <u>and agreed</u> to a telephone deposition. A deposition via teleconference or videoconferencing will allow the Plaintiffs' counsel to take the deposition without going to the expense of traveling, but would allow for the Plaintiffs to see the deponent and conduct a real time examination of the deponent. This is also the most judicially efficient way of for all counsel involved in this case to attend the deposition, without the expense of traveling to Orange, California.

### ARGUMENT AND CITATION OF AUTHORITY

The universally accepted rule in Alabama litigation is that "depositions of a corporation through its officers or agents should ordinarily be taken at the corporation's principal place of business, especially when the corporation is a defendant." *Ex parte Toyokuni & Co.*, 715 So.2d 786, 788 (Ala. 1998)(citing *Salter v. Upjohn Company*, 593 F.2d 649 (5th Cir. 1979)). *See also Ex parte Armstrong*, 412 So.2d 772, 773 (Ala. 1982).

Strikingly similar facts were recently presented to Magistrate Judge Kristi DuBose in the United States District Court for the Southern District of Alabama. Judge DuBose, as reflected by the Order attached as Exhibit D, ordered that the deposition of the corporate party occur at its principal place of business rather than requiring its corporate representative to travel to Alabama for the deposition. *See* Exhibit D.

As with Judge DuBose, the Court in this case should following the 25-year-old rule espoused by the Alabama Supreme Court. The Notice of Deposition sought to require

2

Ameriquest's deponents to travel to Fairhope, Alabama for depositions on July 23, 2007. Requiring Ameriquest to incur the expense of sending multiple witnesses to Alabama to comply with the Plaintiffs' examination areas in the Notice of Deposition is unjust and operates as a punitive sanction.

Ameriquest is a Delaware corporation with its principal place of business in Orange, California. Under the universally accepted rule in litigation, Ameriquest should not be required to travel to Alabama for a corporate representative deposition. Requiring one or more corporate representatives to travel to Alabama will impose an undue burden in time and expense on Ameriquest and require the representative to be away from their residence, as well as their numerous job duties and responsibilities in California. In this case, counsel for Ameriquest has previously agreed to make its 30(b)(6) representative available for a telephone deposition or videoconferencing deposition to eliminate the travel time and expense for all parties.

Plaintiffs can not demonstrate any compelling reasons to overcome the presumption that Ameriquest should be deposed in its principal place of business in Orange, California, particularly in light of the fact that judicially efficient and reasonable alternatives are available. Ameriquest therefore opposes Plaintiff's Rule 30(b)(6) Notice of Deposition in Fairhope, Alabama and requests an appropriate protective order under Fed. R. Civ. P. 26(c). Plaintiffs cannot overcome the presumption that a Rule 30(b)(6) deposition of Ameriquest should take place in Orange, California. For this reason, Ameriquest respectfully requests the following:

- Issue a protective order prohibiting the taking of a deposition of an Ameriquest representative outside of Orange, California;
- Alternatively issue a protective order requiring the taking of the Ameriquest corporate representative deposition to be conducted via teleconferencing or videoconferencing; and
- Issue any further equitable and just relief as necessary.

Respectfully submitted this 6th day of July, 2007

/s/ Robin L. Beardsley
Kaye K. Houser (HOU022)
Robin L. Beardsley (BEA066)
Ameriquest Mortgage Company, Inc.

**OF COUNSEL**:

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
(205) 930-5100 (Telephone)
(205) 930-5101 (Facsimile)

CERTIFICATE OF SERVICE

    I hereby certify that a copy hereof has been served upon all counsel to parties shown below, via the ECF electronic filing system on this the 6th day of July, 2007.

April A. England-Albright
Law Office of April England-Albright
116 Mabry Street
Selma, AL 36701

Earl P. Underwood, Jr.
Post Office Box 969
21 South Section Street
Fairhope, AL 36533-0969

Laura C. Nettles
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place S. Ste. 300
Birmingham, AL 35223

            /s/ Robin L. Beardsley
            OF COUNSEL