# EXHIBIT

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILBERT AND KANDEE COOLEY,   )
                                     )
     Plaintiffs,                   )
                                     )
v.                                ) CASE NUMBER: 1:06-cv-00215-BH-M
                                   )
AMERIQUEST MORTGAGE       )
COMPANY et al.,               )
                                   )
     Defendant(s).            )

## NOTICE OF TAKING DEPOSITION
## UNDER RULE 30(b)(6)

TO:    AMERIQUEST MORTGAGE COMPANY, INC.c/o
          **Kaye K. Houser**
          Sirote & Permutt, P.C.
          P.O. Box 55727
          Birmingham, AL 35255-5727
          (205) 930-5100
          Email: khouser@sirote.com

NOW COME Plaintiffs and notice the deposition of Ameriquest Mortgage Company, Inc.

("Ameriquest") and pursuant to the provision of FRCP 30(b)(6) said corporation is requested to

designate such person or persons as are competent to testify with regard to the following subject

matter(s):

1.   The dates that Ameriquest has done business with the defendant, Heritage Title,

LLC, hereinafter "Heritage".

2.   The contractual relationship between the Heritage and Ameriquest.

3.   The services performed by Heritage as said services relate to loans originated by

Ameriquest.

1

4.     The manner and content of instructions from Ameriquest to Heritage related to such services.

5.     The degree of control exercised over Heritage by Ameriquest regarding the time, place and manner Heritage performs any such services.

6.     Any promulgation of price lists for settlement services by Ameriquest.

7.     The number of loans originated by Ameriquest in which the Heritage performed some related settlement service.

8.     The nature of settlement services performed by the Heritage in the transactions at issue.

9.     The use of third party providers of said services.

10.     The goods and services provided and the charges for such goods and services regarding the real estate transactions of Wilbert Cooley and Kandee Cooley.

11.     The amount paid for and such goods and services relating to the named plaintiffs, Wilbert Cooley and Kandee Cooley.

12.     The identity of all third party service providers.

13.     Ameriquest's compliance with all federal laws regulating consumer mortgage lending.

14.     The affirmative defenses advanced by Ameriquest.

15.     The identities and whereabouts of the Ameriquest employees that dealt with Wilbert and Kandee Cooley.

16.     The training of said employees.

17.     Other suits against Ameriquest and the nature of said suits.

2

18. The practice of coordinating with debt collectors as described in the settlement agreement of January 2006 (the multi-state settlement).

19. Ameriquest's compliance with the Fair Housing Act.

20. Ameriquest's compliance with the Equal Credit Opportunity Act (ECOA).

21. Any and all direct mail advertisements sent to plaintiffs by Ameriquest.

22. The training and continuing education of Ameriquest employees in general and specifically the employees that interacted with the Plaintiffs in any way.

23. Any and all agreements between Ameriquest and American Arbitration Recovery Group, LLC (AARG).

24. The multi-state settlement of January 2006 with the state attorney generals.

## DEPOSITION SUBPOENA DUCES TECUM

On behalf of Requesting Party, Ameriquest is directed to **BRING WITH YOU** and produce at the time and place and date aforestated - certain **ORIGINAL** records, books, papers, documents, tangible things, etc., and to permit inspection and copying of designated things to be used as evidence, to-wit:

**DEFINITIONS:**

The term documents means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including without limitation records of serial numbers, books of account, books of records, bookkeeping records, ledgers, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings or other invoices, worksheets, and all drafts, alternations, modifications, changes and amendments of any of the foregoing). The term document shall also include any and all other means by which information is recorded or transmitted, including but not limited to microfilms and other film records or impressions, tape recordings and other

3

recordings used in data processing, together with the programming instructions and other written material necessary to understand or use such punch cards, computer cards or printouts, tapes or other recordings. Writings shall include, without limitation, printed, typed, or other readable papers, correspondence, memos, reports, including without limitation, contracts, drafts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys and forecasts.

1.  Any and all references, manuals and other writings whether in paper or electronic format regarding Ameriquest's compliance with TILA and RESPA.

2.  Any and all references, manuals and other writings whether in paper or electronic format regarding the provision of real estate settlement services to consumers.

3.  Any and all contracts between Ameriquest and third party service providers used in the transaction at issue.

4.  Any and all references, manuals, and other writings whether in paper or electronic format regarding any markup of third party services.

5.  Any and all references, manuals, and other writings whether in paper or electronic format regarding any markup of filing and/or recording fees.

6.  The entire file maintained by Ameriquest relating to any and all transactions with the plaintiffs herein.

7.  Any and all documents whether in paper of electronic format touching or relating to the transaction at issue herein.

8.  Any and all documents whether in paper of electronic format touching or relating to the debt AARG was attempting to collect from Plaintiffs including and all contracts with AARG.

9.  Any and all documents in the possession of Ameriquest containing any of the plaintiffs' personal identifiers.

**PLEASE NOTE THAT WE ARE NOT SEEKING THE PRODUCTION OF ANY DOCUMENTS THAT ARE SUBJECT TO ATTORNEY CLIENT PRIVILEGE.**

The deposition shall be taken on the **23rd   day of July, 2007**, beginning at **9:00 a.m.** at the law offices of Earl P. Underwood, Jr., 21 South Section Street, Fairhope, Alabama 36532, and shall continue to completion.

 

_____
Earl P. Underwood, Jr.
Attorney for Plaintiffs

**OF COUNSEL:**
**Law Offices of Earl P. Underwood, Jr.**
**Post Office Box 969**
**21 South Section Street**
**Fairhope, AL 36533-0969**
**251-990-5558**
**251-990-0626 (facsimile)**
**epunderwood@alalaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been personally hand-delivered or mailed, properly addressed, first class postage prepaid, to counsel of all parties or parties pro se to the addresses shown below, on this the 2nd day of July, 2007.

April A. England-Albright
Law Office of April England-Albright
116 Mabry Street
Selma, AL 36701

Kay K. Houser
Robin Leigh Beardsley
Sirote & Permutt, P.C.
PO Box 55727
Birmingham, AL 35255-5727

Laura C. Nettles
Lloyd, Gray & Whitehead, P.C.
2501 Twentieth Place S. Ste. 300
Birmingham, AL 35223


/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.