# EXHIBIT

# D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA R. STALLINGS,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| vs.                                          ) | CIVIL ACTION NO 05-0156-BH-D |
| ) | |
| DELL FINANCIAL SERVICES, L.P., ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, and TRANSUNION, LLC,   ) | |
| ) | |
| Defendants.            ) | |

## ORDER

This matter is before the court on the motion of defendant, Equifax Information Services, L.L.C. ("Equifax") for a protective order (Doc. 36), and plaintiff's response in opposition thereto (Doc. 40). Upon consideration, defendant's motion for protective order is **GRANTED, in part,** as set out herein.[1]

This discovery dispute centers on the location for the 30(b)(6) deposition of Equifax's corporate representative. Plaintiff noticed the deposition of Equifax's 30(b)(6) representative to be taken in Mobile, Alabama. While Equifax agreed to make its representative available, it maintained that the deposition location should be conducted in Atlanta, Georgia, the site of its corporate offices.[2] On

---

[1] Equifax's request for "its attorney's fees in responding to the deposition notices in Alabama, pursuant to 15 U.S.C. § 1681n(c) and o(b)" is **DENIED.**

[2] Equifax also agreed to conduct the deposition telephonically. However, this suggestion was rejected by plaintiff's counsel. (Doc. 36, Exhibit D)

September 7, 2005 defendant filed the instant motion to compel, seeking an order from the court "prohibiting the taking of a deposition of an Equifax representative outside of Atlanta, Georgia." (Doc. 36 at 4) In response, plaintiff maintains that neither the defendant nor its corporate representative would suffer any hardship in traveling to Mobile, but plaintiff, "whose financial situation is considerably less fortunate...cannot well absorb the costs of making such a trip." (Doc. 40 at 2)

The former Fifth Circuit Court of Appeals has held that "the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant". Salter v. Upjohn Co., 593 F. 2d 649, 651 (5th Cir. 1979) [3]. "This general rule is based on the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to forum. Thus, courts have held that plaintiffs normally cannot complain if they must take discovery at great distances from the forum." Payton v. Sears, Roebuck and Company, 148 F.R.D. 667, 669 (N.D. Ga. 1993) (citing, Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987)). "[T]he Court must consider each case on its own facts and the equities of the particular situation." Turner v. Prudential Ins. Co. Of America, 119 F.R.D. 381, 382 (M.D. N.C. 1988). Moreover, plaintiff must establish "unusual circumstances" to justify inconvenience to a party as to location of deposition. Grey v Continental Marketing Association, 315 F. Supp 826, 832 (N.D. Ga. 1970).

The undersigned finds the plaintiff has failed to show the unusual circumstances required to overcome the presumption that the deposition should occur in Atlanta, Georgia. Therefore, the undersigned finds that plaintiff has failed to establish a "compelling reason to depart from the general

---

[3] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1991) (*en banc*) the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals entered prior to the close of business September 30, 1981.

rule requiring that a corporate defendant's agents be deposed at the corporation's principal place of business." See Payton at 669. The deposition of Equifax's corporate representative shall occur in Atlanta, Georgia at a time and location to be agreed upon by the parties.

**DONE** and **ORDERED** this the 15th day of September, 2005.


/s/ Kristi K. DuBose
**KRISTI   K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**