| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 Lead Case No. 05 C 7097 |
| THIS DOCUMENT RELATES TO: *Cooley v. Ameriquest Mortgage Co.* (Indiv. Case No. 07 C 7182) | Centralized before the Hon. Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

On May 12, 2015, Plaintiff Wilbert Cooley filed a motion before us seeking a suggestion of remand to the Judicial Panel on Multidistrict Litigation ("Panel"). (Mot. (Dkt. No. 69) at 5.) In the alternative, Cooley asks that we grant him leave to amend his complaint to dismiss all of his federal claims and then decline to exercise supplemental jurisdiction, leaving him free to pursue his state claims in Alabama state court.[1] (*Id.*; Reply at 7–8, 12–14.)

Cooley did not fully articulate his request to amend to voluntarily dismiss all federal claims until his reply brief. As a result, we order Ameriquest to submit a sur-reply addressing this argument. In doing so, Ameriquest shall address the propriety of Cooley's proposed amendment under Federal Rule of Civil Procedure 15, as well as the propriety of our continued exercise of supplemental jurisdiction over the state claims if we allow the amendment. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Leister v. Dovetail, Inc.*, 546 F.3d

---

[1] At times Cooley suggests that we could transfer his case back to a federal court in Alabama, but we do not have the authority to grant that relief. We can suggest to the Panel, as Cooley requested, that such action would be appropriate. Or, as requested in the alternative, we could allow Cooley to voluntarily dismiss his federal claims, leaving only his state claims for adjudication, and then decline to exercise supplemental jurisdiction. In the absence of supplemental jurisdiction, however, those claims could be heard in Alabama state court only.

1

875, 882 (7th Cir. 2008); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). Ameriquest shall discuss the status of discovery, any potential prejudice to the parties, whether dismissal (if allowed) should be with or without prejudice, and any statute of limitations problems that might face Cooley if we grant his request and he attempts to promptly refile his state claims in Alabama state court. Ameriquest shall also address whether Cooley's ex-wife (still a named plaintiff) must consent to his requests or whether we can rule on the motion without her input.

Ameriquest's sur-reply may not exceed fifteen pages and shall be filed on or by July 31, 2015. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 24, 2015
       Chicago, Illinois