**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE: AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

MDL No. 1715
Lead Case No. 05 C 7097

THIS DOCUMENT RELATES TO:
*Cooley v. Ameriquest Mortgage Co.*
(Indiv. Case No. 07 C 7182)

Centralized before the
Hon. Marvin E. Aspen

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

On May 12, 2015, Plaintiff Wilbert Cooley ("Cooley") filed a motion before us seeking a

suggestion of remand to the Judicial Panel on Multidistrict Litigation ("Panel"). (Mot. (Indiv.

Dkt. No. 69) at 5.) In the alternative, Cooley asks that we grant him other relief (primarily, leave

to amend his complaint), such that the end result is a transfer back to the Southern District of

Alabama. (*Id.*; Reply at 7–8, 12–14.) As discussed below, we deny the motion.

**BACKGROUND**

Before turning to the merits of the motion, we review the pertinent background and

procedural facts.

**A.      The Cooleys**

In April 2006, Plaintiff Cooley and his then-wife, Kandee, filed a federal lawsuit in the

Southern District of Alabama against Ameriquest Mortgage Company ("Ameriquest"), Heritage

Title, LLC ("Heritage"), and twenty-six unnamed defendants. Although the Cooleys initially

opposed conditional transfer, they later requested to be transferred into the Ameriquest MDL

before us.  The Judicial Panel on Multidistrict Litigation ("the Panel") acquiesced, transferring the Cooleys' case by order dated December 27, 2007.  (Indiv. Dkt. No. 58.)

Cooley now contends that he never wanted to join the MDL.  Rather, he claims that Kandee, with her own attorney, requested the transfer around the time their marriage began to unravel.  (Mot. at 3–4.)  In any event, counsel sought to withdraw representation of the Cooleys due to the growing conflict of interest.  (*See* Indiv. Dkt. No. 63.)  We granted counsel's motion on February 22, 2011, and Cooley has proceeded pro se since that time.  (*Id.*)

Kandee, for her part, has not participated in the litigation at all.  With his amended reply brief, Cooley attached documentation showing that: (1) the April 12, 2011 divorce decree awarded him the home underlying this lawsuit; and (2) Kandee would like to be dropped from this litigation.  (Am. Reply (Indiv. Dkt. No. 79) at 2, 4 & Ex. A. (Divorce Decree), Ex. B. (7/16/15 Aff. of Kandee Cooley).)  The divorce decree also indicated that Kandee is entitled to half of "any net recovery above the amount of the mortgage indebtedness" obtained in the litigation.  (Divorce Decree ¶ 3.)  Although Kandee's affidavit expresses her request to withdraw as a plaintiff, it does not mention either her stake in the lawsuit by virtue of the divorce decree or her ongoing role as a witness.  (7/16/15 Kandee Aff.)  Importantly, Plaintiffs have not filed and noticed a motion for voluntary dismissal of Kandee's claims.  In addition, neither Kandee, nor Cooley, have disclosed Kandee's whereabouts to Defendants.  As a result, Ameriquest contends that it has been unable to contact Kandee—who is still a named plaintiff— to discuss discovery.  (*See* Sur-Reply (Indiv. Dkt. No. 81) at 7–8; *but see* Sur-Sur-Reply (Indiv. Dkt. No. 84) at 11–12 (asserting that Ameriquest has communicated with Kandee since her affidavit).)

## B.    The Lawsuit

In their complaint, Plaintiffs brought claims under the federal Truth in Lending Act ("TILA"), the Fair Housing Act ("FHA"), and the Equal Credit Opportunity Act ("ECOA"), as well as numerous claims under Alabama law. (*See* Compl. (Indiv. Dkt. No. 1) ¶¶ 14, 41–62 (federal claims).) Plaintiffs alleged subject matter jurisdiction based on 28 U.S.C. § 1331, federal question jurisdiction, in light of their federal claims. (Compl. ¶ 15.) They did not allege, and do not now contend, that diversity jurisdiction also exists. (*See, e.g.*, Compl. ¶¶ 11, 13 (alleging that Plaintiffs and Heritage are Alabama residents and omitting residency allegations for the unnamed defendants).)

In July of 2012, Ameriquest issued Cooley discovery requests, including interrogatories, document requests, and requests for admission. In response, Cooley submitted general objections and included requests for a protective order. (*See, e.g.*, Indiv. Dkt. Nos. 65–67.) According to the docket, it appears that no action was taken in the case for nearly three years.[1]

Ameriquest states that it informed Cooley in April 2015 that the parties must either litigate or attempt to otherwise resolve his lawsuit. (Sur-Reply at 3, 5–6 & Ex. 1 (4/3/15 Davies Ltr. to Cooley).) According to Ameriquest, it then renewed its efforts to engage in discovery, repeatedly attempting to meet and confer with Cooley about his objections to the 2012 discovery requests. (Sur-Reply at 2–6 & Exs. 2–4.) Cooley, on the other hand, contends that he has cooperated in good faith but that he also believes the discovery period has already closed. (Sur-Sur-Reply at 2–4, 7–9.) Cooley complains that, after three years of silence, Ameriquest called

---

[1] It is possible that the parties engaged in settlement or loan modification discussions, etc., during this time, but the individual and MDL dockets reflect no activity. Relatedly, and as Magistrate Judge Martin explained when denying Cooley's motions for protective orders, Cooley's 2012 requests were never formally noticed before the Court. (*See* 5/28/15 Order (Indiv. Dkt. No. 72) (denying Cooley's requests without prejudice for failing to comply with presentment requirements).)

him out of the blue and began aggressively pressing him for discovery, without regard to his availability or his ability to prepare. (*Id.* at 7–9; *see also* Am. Reply at 5–7, 11–12.) The parties point fingers about the stall in discovery and related aggravations, but we need not wade into those weeds.

### C.     Cooley's Requests for Relief

On May 12, 2015, Cooley filed this motion for a suggestion of remand, which the parties briefed. Initially, Cooley asked in his motion that we issue a suggestion of remand to the Panel, so that it would consider remanding the case to the Southern District of Alabama. He also indicated that he would voluntarily dismiss his TILA claim if we would remand the case directly back to that court. (Mot. at 5.) In his reply, Cooley went further, seeking leave to amend his complaint to dismiss *all* of his federal claims in order to obtain a remand. (Reply at 10–12.) At that time, Cooley moved for a remand to Alabama state court should we grant the proposed withdrawal of his federal claims. (*Id.* at 10–14.)

Given the developments in Cooley's position, on July 24, 2015, we ordered Ameriquest to file a sur-reply on certain additional points. Among other things, we ordered Ameriquest to address Cooley's request to amend the complaint, our supplemental jurisdiction, the status of discovery, and whether Kandee must be involved in Cooley's motion. Both parties filed supplemental briefs, all of which we have reviewed. [2] (*See* Am. Reply, Sur-Reply, Sur-Sur-Reply, and Sur-Sur-Sur Reply (Indiv. Dkt. No. 86).)

---

[2] On September 15, 2015, Cooley opposed Ameriquest's motion for leave to file its Sur-Sur-Sur-Reply. (MDL Dkt. No. 5617.) Ameriquest responded to that opposition. (MDL Dkt. No. 5625.) Cooley's motion in opposition is denied as moot—we had already granted Ameriquest permission to file the Sur-Sur-Sur-Reply on September 11, 2015. (Indiv. Dkt. No. 90.)

**ANALYSIS**

While Cooley filed only one motion, he sought two very different alternate forms of relief. We begin by considering Cooley's request to amend his complaint to eliminate his federal claims. We will then evaluate his request for a suggestion of remand.

### A.      Motion to Amend

Under Rule 15(a)(2), as relevant here, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule mandates that "leave shall be freely given when justice so requires." *Id.* Accordingly, in the absence of any reason—including undue delay, bad faith, dilatory motive, repeated failure to cure pleading deficiencies, undue prejudice to the nonmovant, or futility of amendment—"the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *King v. Kramer*, 763 F.3d 635, 643–44 (7th Cir. 2013); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868–69 (7th Cir. 2013). The grant or denial of a motion under Rule 15 is entrusted to our sound discretion. *Foman*, 371 U.S. at 182, 83 S. Ct. at 230; *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014); *King*, 763 F.3d at 644; *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002).

We exercise our discretion to deny the motion, due to the unique circumstances present here.

### 1.      Jurisdictional Issues

First, we are not convinced that the parties understand the scope of our jurisdictional authority or the consequences of the proposed amendment. For example, at various times, Cooley has asked us to return his case to both federal court and state court in Alabama. Additionally, both parties represented that the statute of limitations bars Cooley from re-filing in

state court, (Sur-Reply at 1, 4; Sur-Sur-Reply at 5–6), but they have overlooked 28 U.S.C. § 1367(d), which provides otherwise. Before moving on, we set the record straight.

If we granted Cooley leave to withdraw all of his federal claims under Rule 15(a)(2), we would then need to decide whether or not to exercise supplemental jurisdiction over the remaining Alabama state-law claims under 28 U.S.C. § 1367. *See, e.g.*, *Farmer v. Ameriquest Mortgage Co.*, 05 C 7097, 06 C 4724, 2011 WL 3021229, at *1–3 (N.D. Ill. July 22, 2011) (resolving a similar request in another opt-out claim within the Ameriquest MDL). If we chose to exercise supplemental jurisdiction over the state-law claims, the case must stay here in Chicago. The "power to remand a case to the transferor lies solely" with the Panel. *In re Bridgestone/Firestone, Inc., ATX, ATX II, and Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). While we can make a suggestion of remand to the Panel, we are not authorized to directly transfer a case out of the MDL. *See* J.P.M.L. R. Proc. 10.1, 10.2 (governing termination and remand of a transferred case). Cooley's proposed withdrawal of his federal claims would not affect this limitation.

If, on the other hand, we declined to exercise supplemental jurisdiction over the state-law claims, we must dismiss the action. Without jurisdiction over the state claims, there would be nothing left for us to hear, and nothing for us to transfer. *See, e.g.*, J.P.M.L. R. Proc. 10.1(a) (providing that a terminated action may not be remanded). The parties contend that, in that event, the statute of limitations would preclude Cooley from re-filing his state claims in Alabama. The parties correctly point out that Alabama does not have a savings statute, but they do not address the significance of 28 U.S.C. § 1367(d). Section 1367(d) provides that the limitations period for related supplemental claims is "tolled while the claim is pending and for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d). Thus, as both state and federal

courts in Alabama have recognized, plaintiffs can refile their state claims (so long as they were timely when first filed) within 30 days of the federal court's entry of the dismissal order. *Dunavant v. Sirote & Permutt, P.C.*, 13 C 268, 2014 WL 2885483, at *12–13 & n.7 (S.D. Ala. June 25, 2014); *Doe v. City of Demopolis*, 799 F. Supp. 2d 1300, 1318 n.29 (S.D. Ala. 2011); *Rester v. McWane, Inc.*, 962 So. 2d 183, 186–87 (Ala. 2007) ("Section 1367(d) thus tolls state-law claims when those same claims are pending in federal court."); *see also Weinrib v. Duncan*, 962 So. 2d 167, 169–70 (Ala. 2007). The parties have not identified any reason why Cooley could not refile his Alabama claims in state court, within the 30 days provided by Section 1367(d), if we declined to exercise pendant jurisdiction and dismissed them.

In any event, for today, we find that no matter what claims Cooley dismisses, we do not have the authority to grant him the relief he seems to most desire: a return to federal court in Alabama. That option is not available to us. The decision to drop all federal claims to proceed in state court is drastic, and we are not convinced that the parties fully appreciated all of the related jurisdictional issues. We conclude that justice would not be served by granting Cooley's motion to amend under these circumstances. We thus deny the motion without prejudice.

## 2. Kandee's Consent

Second, we deny the motion because Kandee is still a named plaintiff and has not consented to the dismissal of the federal claims. While we appreciate Cooley's efforts to clarify Kandee's position, we are not satisfied with her informal attempt to withdraw her claims. In her affidavit, submitted as an attachment to Cooley's amended reply brief, Kandee states that she is "officially requesting that [she] be dropped" as a plaintiff. (7/16/15 Kandee Aff.) But this cursory request—even if we were inclined to treat it as a motion—was never noticed before the Court. *See* N.D. Ill. Local R. 5.3(b). The parties have not had an opportunity to brief this

question, and it is not ready for our review. If Kandee wishes to withdraw her claims, she must file a motion and notice it up on the Court's calendar. Defendants would be entitled to an opportunity to respond to any such motion. In addition, we may need to consider whether Kandee must be part of the lawsuit because the divorce decree indicates that she has an interest in the outcome. *See* Fed. R. Civ. P. 19, 21. In short, this issue is not as simple as Plaintiffs might think, and we are not in a position to rule on Kandee's informal request at this time.

As a result, Kandee remains a named plaintiff. Given her ongoing role and Plaintiffs' contentious personal history, we cannot grant Cooley's motion to withdraw the federal claims without Kandee's express consent. Her affidavit does not mention Cooley's motion for remand or her view on his decisions about the litigation. (7/16/15 Kandee Aff.) At this time, in light of the posture of this case, we cannot proceed without Kandee's input.

We therefore deny Cooley's motion to withdraw his federal claims, without prejudice, because we require Kandee's participation and because we cannot provide the ultimate relief sought. We need not consider whether Cooley's motion is otherwise appropriate under Rule 15.[3]

## B. Motion for Suggestion of Remand

Having concluded that amendment is not appropriate at this time, we turn to consider Cooley's request for a suggestion of remand. As mentioned earlier, we lack the power to transfer a case within the MDL back to the transferor court, but we can submit a suggestion of remand to the Panel.[4] *See In re Aqua Dots Prods. Liab. Litig.*, 08 C 2364, 2011 WL 3325783 (N.D. Ill.

---

[3] In other words, we are not deciding whether we actually would permit Cooley to dismiss the federal claims—even if Cooley sought to do so to proceed in Alabama state court, with Kandee's express blessing. Nor are we deciding whether we would exercise supplemental jurisdiction, if we permitted him to withdraw those claims.

[4] "[T]he Panel is reluctant to order a remand absent the suggestion of the transferee judge." J.P.M.L. R. Proc. 10.3(a). Nonetheless, under the Panel's procedural rules, any party may request a remand by motion to the Panel. *Id.*

Aug. 2, 2011); *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197; *see also* J.P.M.L.

R. Proc. 10.1, 10.2. The Panel has "consistently given great weight to the transferee judge's

determination that remand of a particular action at a particular time is appropriate." *In re*

*Managed Care Litig.*, 416 F. Supp. 2d 1347, 1348 (J.P.M.L. 2006) (citing *In re IBM Peripheral*

*EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976)). "The transferee judge's

notice of suggestion of remand to the Panel is obviously an indication that he perceives his role

under Section 1407 to have ended." *In re Holiday Magic Sec. and Antitrust Litig.*,

433 F. Supp. 1125, 1126 (J.P.M.L. 1977) (citing *In re Air Crash Disaster Near Dayton, Ohio*,

386 F. Supp. 908, 909 (J.P.M.L. 1975)). "Remand is inappropriate . . . when continued

consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and

conserve the resources of the parties, their counsel and the judiciary.'" *In re Silica Prods. Liab.*

*Litig.*, 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (citing *In re Heritage Bonds Litig.*,

217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (internal citation omitted)). Therefore, if the

remaining discovery to be conducted is "'core' discovery," a suggestion of remand is not

appropriate, but if the remaining discovery is "case specific," then suggestion may be warranted.

*In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1198; *see also In re Activated Carbon-*

*Based Hunting Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1198–99

(D. Minn. 2012) ("The key factor is that discovery in these actions is now complete.").

Consistent with these principles, we deny the suggestion of remand. In doing so, we

clarify any misconception about the status of discovery. Let there be no doubt: discovery is

ongoing. Although Cooley may believe that discovery ended in 2007, or perhaps in 2012, he is

mistaken. (*See, e.g.*, Sur-Sur-Reply at 3 (stating that he has provided proof that the "discovery

period has ended"). Indeed, on July 29, 2014, we explicitly referred this case (among others) to

Magistrate Judge Martin for discovery supervision. (MDL Dkt. No. 5505.) We would not have taken that step if discovery had closed, nor would Judge Martin continue to entertain discovery motions from both parties if discovery had closed. Because discovery remains pending, all parties are obligated to get it done.

Cooley appears to contend that the remaining discovery is only case-specific, such that a suggestion of remand might be warranted.[5] (Reply at 7 (asserting, without discussion, that "[d]iscovery concerns at issue are case and fact specific"); Am. Reply at 7.) We are not persuaded. Although case-specific discovery clearly remains, there is no reason it cannot be completed here in the MDL along with coordinated discovery. As Ameriquest points out, Heritage is entitled to discovery and is also involved in third-party discovery within the MDL, which should be proceeding on a coordinated basis. (Sur-Reply at 6.) In addition, all parties may need to conduct further discovery with Kandee who, as noted earlier, remains a witness even if she later withdraws as a plaintiff. Cooley may not wish to propound his own discovery requests, and Kandee may not wish to participate at all. But Plaintiffs filed this lawsuit, and they cannot prevent Defendants from obtaining information relevant to the litigation of Plaintiffs' claims. *See In re Aqua Dots Prods. Liab. Litig.*, 2011 WL 3325783, at *2 ("Defendants, too, deserve the benefits of coordinated and consolidated pre-trial discovery."). Continued discovery within the MDL, particularly with Judge Martin's knowledgeable oversight, will eliminate duplicative discovery and promote efficiency.

A suggestion of remand is also inappropriate because, at this point, Ameriquest intends to file universally-applicable dispositive motions. (Opp'n (Indiv. Dkt. No. 73) at 8.) According to

---

[5] At other times, Cooley argues that "sufficient progress in discovery . . . has not occurred under the MDL." (Reply at 2; *id.* at 6 (blaming Ameriquest for "pending discovery issues" that "remain outstanding"); *see also* Am. Reply at 6 (same); *id.* at 14 ("This case remains in the early discovery stages.").)

Ameriquest, the motions would raise legal questions affecting Plaintiffs' federal claims, as well as the claims of other opt-out plaintiffs. (*Id.*) Any such motions should be heard as part of the MDL, to prevent inconsistent rulings and to conserve both judicial and litigant resources.[6] For these reasons, we decline to submit a suggestion of remand at this time, and we deny Cooley's motion without prejudice.

Moving forward, instead of focusing their efforts in blaming each other for the past discovery delays, it is time for the parties to complete the remaining discovery.[7] Excuses for any party's failure to do so in good faith will not be tolerated. We refer the setting of an exact timetable and the mechanics to Judge Martin.

We caution the parties that failure to comply with discovery rules or court orders may result in serious consequences, including sanctions and/or involuntary dismissal under Rule 41(b). *See* Fed. R. Civ. P. 41(b) (permitting involuntary dismissal of lawsuits "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *see also Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011); *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003).

---

[6] It is unclear whether settlement and/or loan modification remains a possibility. As such, we cannot evaluate whether the MDL forum might be more likely to generate a negotiated resolution than another court—although we suspect as much based on the resources and institutional knowledge present here.

[7] To the extent that Defendants still are unable to reach Kandee, Plaintiffs must provide information about her whereabouts. Her July 2015 affidavit did not fall from the sky, so it must be possible to contact her. If Cooley knows how to reach out to Kandee, even if through an intermediary, he must disclose that information to Defendants. Ideally, Kandee should complete the Court's Appearance Form for Pro Se Litigants to provide her contact information.

**CONCLUSION**

As discussed above, we deny without prejudice Cooley's motion for a suggestion of remand, or in the alternative, motion to amend the complaint. (Indiv. Dkt. No. 69.) We also deny as moot Cooley's motion in opposition. (MDL Dkt. No. 5617). It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: January 28, 2016
        Chicago, Illinois